IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Wilson, | C/A No. 4:11-3269-RBH-KDW |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Ashley Toddbell, with the Florence County Parole & Probation Pardon Services; and Agent Lewis, | |
| Defendants. | |

Plaintiff Reginald Wilson ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Under the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court. Plaintiff is a state prisoner and brings this action against two parole officers with the South Carolina Department of Probation, Parole and Pardon Services in the Florence County office.[*] The Complaint seeks monetary damages from the Defendants for violation of Plaintiff's constitutional rights based on an alleged illegal search of Plaintiff's residence. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed.

**REVIEW STANDARD**

A careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to

---

[*] The Complaint incorrectly identifies the state agency as the Florence County Parole, Probation, Pardon Services.

28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The same standard is applied in screening prisoner pleadings pursuant to 28 U.S.C. § 1915A, which requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## BACKGROUND

Plaintiff, an inmate confined in the South Carolina Department of Corrections, filed a § 1983 action claiming violation of his federal rights based on an alleged illegal search of his residence by two parole officers. ECF No. 1. Plaintiff states that while he was on parole and living at his mother's house, the Defendants came to the house to verify Plaintiff's residency. *Id*. at 3. Plaintiff allowed them to enter the house to see that he lived there. Once in the house, Defendants allegedly began searching his bedroom stating that they had been informed that he was seen with a gun. Plaintiff contends Defendants did not have his permission for this search and did not have a search warrant. Defendants allegedly threatened to have Plaintiff's mother evicted if he did not reveal where his gun was, so he told them where the gun was in the house. He is currently incarcerated. Plaintiff was arrested, and his parole was revoked. Plaintiff seeks justice and monetary damages. *Id*. at 5.

## DISCUSSION

Plaintiff's § 1983 claim is subject to summary dismissal based on the United States Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. In *Heck*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486–87. Plaintiff is currently incarcerated for violating parole, and his § 1983 action challenges the constitutionality of his current confinement for parole violation, so Plaintiff must first have the parole revocation set aside before

he can seek damages in a § 1983 action. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995) (noting preclusive rule of *Heck* applicable to parole revocation proceedings); *accord Husketh v. Sills*, 34 F. App'x 104, 105 n.2 (4th Cir. 2002) ("action challenging validity of parole proceedings calls into question fact of confinement and thus must satisfy *Heck* element"); *Gibbs v. S.C. Dept. of Probation, Parole, & Pardon Servs.*, 168 F.3d 481, *2, 1999 WL 9941 (4th Cir., Jan 12, 1999) (same). Plaintiff's challenge to the constitutionality of the search and resulting evidence used to support the revocation of his parole, if true, would invalidate that revocation and his current incarceration. *See Heck*, 512 U.S. at 487 ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). The Complaint does not allege that Plaintiff successfully challenged his probation revocation, so Plaintiff's § 1983 claim has not yet accrued and is not currently cognizable.

## RECOMMENDATION

Accordingly, it is recommended that the district judge dismiss the Complaint *without prejudice* and without issuance and service of process. **Plaintiff's attention is directed to the notice on the following page**.

IT IS SO RECOMMENDED.

March 30, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).